## TURNER et al.

v.

## BOARD OF EDUCATION OF SCOTTSVILLE INDEPENDENT SCHOOL DIST. et al.

Court of Appeals of Kentucky.

March 26, 1954.

Joseph R. Rubin, Franklin P. Hays and Hays & Fahey, Louisville, for appellants.

Douglass Keen, Scottsville, for appellees.

STANLEY, Commissioner.

The question of whether an annual special school tax should be levied for the erection and improvement of public school facilities of Scottsville was submitted at the November, 1953, election. KRS 160.477. The result was 1079 "yes" and 127 "no" votes.

The peculiar form of the question on the ballots has raised doubt as to the validity of the election. The material part of the question is: "Are you for or against levying in Scottsville independent school district each year for 20 years a special school building fund tax * * *.". The question itself is as quizzical as the old one: "Have you stopped beating your wife?" In Armstrong v. Fiscal Court, 162 Ky. 564, 172 S.W. 972, a similarly formed question required a definite "yes" or "no" answer. We were constrained to hold that the submission was so unintelligible and confusing that the intention of the voters could not be reasonably ascertained, and that the election was, therefore, void. In the present case, however, below the question the voters were directed how to vote—reasonably but imperfectly, for they were asked to vote whether or not they favored the "question" and not the tax. This is the form:

"If you favor the above question, stamp in this square      YES—☐

If you oppose the question, stamp in this square      NO—☐"

There was wide publicity of the election and the advocates of the tax had made it very clear in the advertisements that a "yes" vote was one which favored the tax. The statute, KRS 160.477, does not set forth a specific form (as does that for an election on the issuance of bonds, as in the Armstrong case) but merely says that the question shall be framed so that the voters may answer "for" or "against." However, in the provision for submission of a constitutional amendment "or other public measure" the answer shall be "yes" or "no." KRS 118.170. It is a familiar rule that if the intention of a voter can be reasonably ascertained, the ballot should be counted. The test as to the form in which a public question is submitted is whether the voters are afforded an opportunity to express and do fairly express their will. 43 Am.Jur., Public Securities and Obligations, Sec. 90. We concur in the opinion of Judge Rodes, which is in full as follows:

"Notwithstanding the clumsy method employed at the foot of the ballot, I am convinced the issue before the people was clearly understood. No one was misled and none deceived. I am impelled to follow the voice of the people when the issue is so decisively declared."

Judgment affirmed.